IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ELNITA WEBB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11-0504-CV-W-ODS |
| | ) |
| STATE OF MISSOURI DEPARTMENT OF | ) |
| SOCIAL SERVICES, | ) |
| Division of Family Services, | ) |
| | ) |
| Defendants. | ) |

## ORDER AND OPINION (1) DENYING MOTION TO REMAND, AND (2) GRANTING MOTION TO CHANGE CAPTION (DOCS. 4, 7)

Pending is Plaintiff Elnita Webb's motion to remand this case to state court. The Court denies her motion. The Court grants Defendant State of Missouri Department of Social Services' (DSS's) motion to change the caption of this case.

### I. BACKGROUND

Elnita Webb alleges DSS listed her on the Missouri Family Care Safety Registry without prior notice or a hearing. Webb claims this violated her "due process rights under the Fourteenth Amendment to the United States Constitution and Article 1, Section 10 of the Missouri Constitution, as confirmed in Jamison v. Department of Social Services, 218 S.W.3d 399 (Mo. 2007)."

Because Webb pleaded a violation of a federal constitutional right, DSS removed this case to federal court. Webb moves to remand, arguing federal-question jurisdiction does not exist because the federal violation alleged in her petition is only an "alternate theory."

## II. DISCUSSION

Civil actions may be removed to federal court only if the action could have been filed originally in federal court. See 28 U.S.C. § 1441(b); *Central Iowa Power Co-op. v. Midwest Independent Transmission System Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009). The party seeking removal has the burden to establish federal subject matter jurisdiction; all doubts about jurisdiction must be resolved in favor of remand. *Id.*

There is no diversity of citizenship to support removal in this case. *See* 28 U.S.C. § 1332. Removal based on federal-question jurisdiction is governed by the well-pleaded-complaint rule, which provides that jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Central Iowa Power Co-op.*, 561 F.3d at 912.

"A complaint that pleads violations of both state and federal law is within the original jurisdiction of a federal district court." *Country Club Estates, L.L.C. v. Town of Loma Linda*, 213 F.3d 1001, 1003 (8th Cir. 2000) (citations omitted). Since Webb's petition pleads violations of both state and federal law, it was within the original jurisdiction of this Court, and removal was proper.

Webb argues *Country Club Estates* is inapplicable because "there was no true alternative state theory" to support the plaintiffs' claim in that case. Webb essentially contends that because she might be able to obtain the relief she wants with her state-law action, there is no federal-question jurisdiction over her case.

Webb is attempting to invoke authority that involves federal-question jurisdiction over *state* law claims. *See, e.g.*, *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004). That authority does not apply because Webb pleaded a *federal* cause of action,[1] which is the typical way in which federal-question jurisdiction is invoked. *See Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 312

---

[1] Webb pleaded a violation of the U.S. Constitution. Only federal law (*see* 42 U.S.C. § 1983) provides a cause of action for vindication of federal constitutional rights. Webb's cause of action arises under § 1983, even though she did not mention it in her petition.

2

(2005). If Webb's analysis were correct, a federal court would never have federal-question jurisdiction if a plaintiff pleaded – in addition to federal causes of action – at least one state law claim that could provide him/her complete relief. That is not the law. The motion to remand is denied.

Webb does not oppose DSS's motion to change the caption. DSS asserts the "Division of Family Services" is now entitled the "Children's Division." The Court grants the motion and directs the Clerk to change the docket sheet accordingly.

### III. CONCLUSION

The motion to remand is denied. The motion to change the caption is granted. IT IS SO ORDERED.

DATE: July 18, 2011

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT